**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THEY TIEU                                    :          CIVIL ACTION
                                             :
                                             :
          Plaintiffs                         :
                                             :
          v.                                 :          NO. 10-3688
                                             :
SCHOOL DISTRICT OF PHILADELPHIA              :
ARLENE ACKERMAN                              :
                                             :
          Defendants                         :

## ORDER

      AND NOW, this        day of            , 2010, upon consideration of

the Motion to Dismiss Plaintiffs' Second Amended Complaint filed on behalf of Defendants

School District of Philadelphia and Arlene Ackerman pursuant to Federal Rule of Civil

Procedure 12(b)(6), and all opposition thereto, it is hereby ORDERED that Defendants' Motion

is GRANTED.  It is further ORDERED that Plaintiffs' Second Amended Complaint is dismissed

in its entirety with prejudice.

                          BY THE COURT:


                          _____

                          HONORABLE  JAN E. DuBOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEY TIEU | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 10-3688 |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| ARLENE ACKERMAN | : | |
| | : | |
| Defendants | : | |

## MOTION OF DEFENDANTS SCHOOL DISTRICT OF PHILADELPHIA AND ARLENE ACKERMAN TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, School District of Philadelphia ("the School District") and Arlene Ackerman, by and through their undersigned counsel, hereby file this Motion to Dismiss Plaintiffs' Second Amended Complaint in its entirety.

For the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference, defendants respectfully move this Honorable Court to dismiss plaintiff's Second Amended Complaint with prejudice.

Respectfully Submitted By:

s/Diane B. Sher
Diane B. Sher, Esquire
Assistant General Counsel
School District of Philadelphia
I.D. No. 28800
440 N. Broad Street, 3rd Floor
Philadelphia, PA 19130-4015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEY TIEU | : | CIVIL ACTION |
| | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 10-3688 |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| ARLENE ACKERMAN | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS SCHOOL DISTRICT OF PHILADELPHIA AND ARLENE ACKERMAN TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, School District of Philadelphia ("the School District") and Arlene

Ackerman (collectively referred to as "defendants"), by and through their undersigned

counsel, hereby file this Memorandum of Law in support of their Motion to Dismiss

plaintiff's Second Amended Complaint in its entirety.

## I.       INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff They Tieu, an adult Asian- American parent, alleges in her Second

Amended Complaint[1] that she was assaulted by African-American students on January 29,

---

[1] The Second Amended Complaint nowhere alleges that Superintendent Ackerman is being sued in her individual capacity. It is therefore assumed that she is being sued in her official capacity, which is tantamount to suing the School District. All claims against Arlene Ackerman in her official capacity should be dismissed because the plaintiff has also sued the School District. The Court of Appeals for the Third Circuit has affirmed the dismissal of official capacity claims against individuals where a plaintiff also sues the municipal employer. See Cuvo v. De Biasi, 169 Fed. App'x. 688, 693 (3d Cir. 2006) ("We will affirm the District Court's dismissal of the claims against the officers in their official capacities because a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them"); see also Dawson v. Harran, No. 08-7, 2008 U.S. Dist. LEXIS 36714, 2008 WL 1959696, at *6 (E.D.Pa. May 5, 2008) (granting defendants' motion to dismiss plaintiff's claims against defendants in their

2009 at South Philadelphia High School when she was in the school to pick up her child.

Plaintiff filed an Amended Complaint which was dismissed by Order on September 29, 2010.[2] That Order dismissed plaintiff's breach of contract claim with prejudice. The Order dismissed plaintiff's claims under 42 U.S.C. §1983 without prejudice, and, as plaintiff requested, granted plaintiff leave to file a Second Amended Complaint on or before October 21, 2010 "which incorporates the findings of the investigation of the United States Department of Justice."

Plaintiff failed to file a Second Amended Complaint by October 21, 2010. On November 3, 2010 plaintiff's counsel sent a letter to the Court, dated November 2, 2010, requesting an extension of time until November 4, 2010 to file the Second Amended Complaint. The letter was sent to defense counsel on November 3, 2010, and defense counsel sent a letter to the Court that same date objecting to the requested extension. The Court entered an Order dated November 4, 2010 granting plaintiff's request and allowing plaintiff until "the close of business on November 4, 2010" to file the Second Amended Complaint. Plaintiff failed to file the Second Amended Complaint on November 4, 2010. The Second Amended Complaint was filed on November 5, 2010.

The purported claim under 42 U.S.C. §1983 set forth in the Second Amended Complaint is substantially identical to the allegations in the previously dismissed First Amended Complaint, with the main difference being that plaintiff has inserted the words, "As set forth in the report issued by the Department of Justice" before the acts alleged in ¶¶ 6, 7, 8 and 9. The acts alleged in those paragraphs are identical to the acts alleged in the

---

official capacities as being duplicative of claims against township); <u>Burton v. City of Philadelphia</u>, 121 F.Supp.2d 810, 813 (E.D.Pa. 2000) (same).

[2] The First Amended Complaint also included certain state law claims which plaintiff voluntarily withdrew, conceding that same are barred by governmental immunity as set forth in 42 Pa.C.S.A. §8541 *et seq.*

First Amended Complaint. Plaintiff has failed to attach, quote or cite any factual allegations from any such "report" issued by the Department of Justice.[3]

The gist – or nub - of the Second Amended Complaint, which is identical to that of the previously dismissed Amended Complaint, is that the District failed to protect plaintiff and failed to prevent the assault upon her by students at the school. (See ¶ 6 of Plaintiffs' Second Amended Complaint, a copy of which is attached hereto as Exhibit "A.") Defendants move to dismiss the Second Amended Complaint for failure to state a cause of action as a matter of law because, again, plaintiff fails to allege facts identifying an affirmative act taken by a state actor which was the "but-for" cause of the January 29, 2009 assault by a third party, i.e., the student assailants. Without an affirmative act by a state actor that caused the plaintiff's injuries, plaintiff has again failed to allege a claim under the state-created danger theory of liability under the Due Process Clause of the Fourteenth Amendment. Even accepting the facts as alleged as true, plaintiff fails to state a claim for a violation of her civil rights.

## II.   STATEMENT OF FACTS[4]

The Second Amended Complaint alleges that plaintiff They Tieu, an Asian-American adult, was assaulted by African American students when she went to pick up her child at South Philadelphia High School (hereinafter "SPHS" or "the school") on January 29, 2009. (¶ 10, Second Amended Complaint). Plaintiff alleges that Asian-American *students*[5] were repeatedly terrorized at the school, and that defendants "took no

---

[3] Plaintiff appears to be referencing media reports following the events of December 3, 2009 at South Philadelphia High School. It should be noted that the January 29, 2009 incident which forms the basis of the Second Amended Complaint took place nearly one full year before the December 3, 2009 events.

[4] As required by F.R.C.P. 12(b)(6), defendants accept all facts as alleged in plaintiff's Second Amended Complaint as true for purposes of this Motion to Dismiss.

[5] Plaintiff herein is not a student, but alleges that she is the parent of a student. (¶ 10 of the Amended Complaint.)

action" and failed to protect them from assaults by other students. (¶¶ 5, 6 and 8 of the Second Amended Complaint). Plaintiff alleges that defendants "fostered a culture" and "created an atmosphere" in which Asian-Americans were subjected to terrorization and attacks by "other students." (¶¶ 7 and 9 of the Second Amended Complaint). Plaintiff alleges that she sustained injuries to her eye, lacerations, contusions and headaches as a result of being attacked at the school. (¶ 12 of the Second Amended Complaint).

## III.   STANDARD OF REVIEW

Federal Rules of Civil Procedure Rule 12(b)(6) allows the defendant to assert, via motion, that the plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. R. 12(b).  In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

In order to satisfy this plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly, utilized a "two-pronged approach" which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir.2009). Under this two-pronged approach, a district court must first identify those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then must assess "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s]. . . to determine" whether it states a plausible claim for relief. Id.

## IV.   ARGUMENT

### A.   Plaintiff Fails to Allege Facts Sufficient to State a Claim Under the Fourteenth Amendment.

Section 1983 allows a person deprived of their constitutional rights to sue a party who, acting under the color of state law, caused the deprivation. 42 U.S.C. § 1983. This right has been extended to allow injured parties to sue municipalities for said injuries, subject to certain restrictions. See Monell v. Dep't of Soc. Serv's., 436 U.S. 658, 690 (1977) ("[l]ocal governing bodies . . . can be sued directly under § 1983"). However, Section 1983 alone does not create any substantive rights, but merely provides a remedy for the violation of rights secured by the Constitution. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Consequently, "a plaintiff must demonstrate a violation of a right secured by the Constitution and the laws of the United States and that the alleged deprivation was committed by a person acting under the color of state law." Kneipp, 95 F.3d at 1204 (internal quotation marks omitted); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 817 (1985)).

Here, plaintiff's factual allegations assert a violation of her constitutional rights because she was attacked by students at the school, and the defendants failed to protect her from the attack. This theory of liability appears to invoke a substantive due process claim as guaranteed by the Fourteenth Amendment, and for which plaintiff is seeking redress under §1983.

### 1.    The *DeShaney* Decision

The Due Process Clause does not impose a duty upon state actors to protect its citizens. DeShaney v. Winnebago County Dept. of Soc. Serv's, 489 U.S. 189, 195-97 (1989). ("the State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.") In DeShaney, plaintiffs were a young boy (Joshua DeShaney) and his mother who sued the Department of Social Services ("DSS") to recover for injuries suffered by Joshua at the hands of his father. DSS had received several reports suggesting that Joshua had been abused by his father. At some point, Joshua was removed from the home, but was later returned to the custody of his father. Id. at 192. Thereafter, Joshua's father beat him so severely that he lapsed into a life-threatening coma that left him permanently brain-damaged to a degree that he required life-long institutionalization. Joshua's father was convicted of child abuse. Id. at 193.

Joshua and his mother filed suit against DSS and various individual employees, alleging that they "knew or should have known" of the risks presented by his father, and that their failure to protect him from his father constituted a violation of Joshua's due process rights. Id. at 193. The Seventh Circuit concluded that plaintiffs had not set out an actionable §1983 claim, and the Supreme Court affirmed this decision.

The Supreme Court examined the parameters of the protections afforded by the Fourteenth Amendment Due Process clause. Recognizing that the Due Process clause prohibits a State from depriving person of liberty without due process of law, the Supreme Court held that "the due process clauses generally do not confer an affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty and/or property interests." Id. at 196.

The DeShaney Court specifically stated that the Fourteenth Amendment does not obligate the state to protect its citizens from private harm:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text.

DeShaney, 489 U.S. at 195 (emphasis added). Thus, DeShaney forecloses claims premised on the alleged failure of the state to protect citizens from third party harm.

In the instant case, the allegations amount to a pure failure to protect claim. Plaintiff contends that the defendants failed to protect Asian-American students and citizens from "repeated terrorization." This claim falls squarely under the prohibition of DeShaney, and plaintiff's Second Amended Complaint should be dismissed with prejudice.

2.    **State Created Danger Exception to *DeShaney*[6]**

---

[6] The Third Circuit has recognized two exceptions to DeShaney: the "special relationship" exception and the "state-created danger" theory of liability. Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir. 1997). Under the longstanding jurisprudence of the Third Circuit, based upon its decision

The Third Circuit recently clarified the four elements required for a state-created danger claim originally adopted in Kneipp, *infra*. Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006)[7]. According to Bright, a plaintiff must establish the following elements to succeed under a state-created danger claim of liability:

(1)     the harm ultimately caused was foreseeable and fairly direct;

(2)     a state actor acted with a degree of culpability that shocks the conscience;

(3)     a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(4)     a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Id. at 281 (footnotes and internal quotation marks omitted). Plaintiff must satisfy all four parts of this test. While the defendants do not concede that plaintiff has sufficiently alleged prongs one through three, the fourth prong is dispositive and mandates dismissal of plaintiffs' federal claim.

---

in D.R v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1369-73 (3d Cir. 1992), the special relationship exception is inapplicable to a relationship between a school and a student, and by extension is similarly be inapplicable to the relationship between a school and the parent of a student who comes to the school to pick up her child as alleged in the plaintiff's Amended Complaint, ¶10. Therefore, only the "state-created danger" theory of liability is discussed herein.

[7] In several additional unpublished post-Bright decisions, the Third Circuit and courts of this district have applied the analysis of Bright to dismiss state created danger claims. See Stover v. Camp, 2006 U.S. App. LEXIS 13556 (3d Cir. 2006); Townsley v. West Brandywine Township, 2006 U.S. Dist LEXIS 23725, Civil Action No. 06-758, April 26, 2006 (E.D. Pa. 2006) (J. Baylson) (*granting defendants' motion to dismiss* where no allegations of an affirmative act by state actor that caused harm); Bennett v. City of Philadelphia, 2006 U.S. Dist. LEXIS 29988, Civil Action No. 03-5685, May 17, 2006 (E.D. Pa. 2006) (J. Schiller); Clark et al. v. City of Philadelphia, et al., 2006 U.S.Dist.LEXIS 55241, Civil Action No. 06-119, August 8, 2006 (E.D.Pa. 2006) (J. Kauffman) (*granting defendants' Motion to Dismiss* because no Due Process violation where the source of the danger to plaintiffs was a third party).

As clarified in <u>Bright</u>, the fourth prong of a state created danger claim requires that "a state actor ***affirmatively*** used his or her authority in a way that created danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." <u>Id.</u> (internal quotation marks omitted). In <u>Bright</u>, the Third Circuit affirmed the dismissal of a Complaint alleging that police officers and county officials were liable for the murder of an 8 year old girl because they had failed to take her murderer into custody for a known violation of his probation. The plaintiffs in <u>Bright</u> alleged that a parole officer created danger because he had confronted Charles Koschalk, the perpetrator, about violating his parole, but the confrontation was followed up by an inexplicable delay in arresting Koschalk. Plaintiffs alleged this delay emboldened Koschalk to retaliate against the family of the 12 year girl, with whom he had illegally had contact, by killing her younger sister. In affirming the dismissal of the Complaint, the Court stated the "reality of the situation described in the complaint is that what is alleged to have created a danger was the failure of the defendants to utilize their state authority, not their utilization of it." <u>Id.</u> at 284-5.

The <u>Bright</u> court determined that no affirmative act by the defendant created the dangerous situation. <u>See id.</u> at 283-4 (noting that failing to seek someone's detention does not give rise to substantive due process liability). <u>Bright</u> unequivocally rejects the notion that the failure to act constitute a due process violation under the state-created danger theory. "It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Id.* at *12. What plaintiff alleges here is solely the failure of the defendants to prevent the attack, and the failure to protect plaintiff against the criminal behavior of third parties, namely, the student assailants.

Plaintiff appears to assert a claim under §1983 on the ground that defendants "fostered a culture" and/or "created an atmosphere" that permitted attacks upon Asian-American students and citizens, and that defendants failed to prevent or put an end to the attacks. The gist, or nub, of these allegations is that students were "emboldened" to attack Asian-Americans because the defendants did not take steps to prevent the attacks. This theory of liability must fail. The Third Circuit squarely rejected the identical "emboldenment theory" in Bright.

In a recent decisions, the Third Circuit further developed the fourth prong of the state created danger test by specifying that the *state's affirmative act must be the "but for" cause* of the danger faced by the plaintiff. See Kaucher v. County of Bucks, 2006 U.S. App. LEXIS 19427 (3d Cir. 2006); see also Sanford v. Stiles, 456 F.3d 298, 304-05 (3d Cir. 2006) (holding that plaintiff's state-created danger claim failed because plaintiff was unable to show at least two of the four required elements). All four elements must be satisfied to state a claim. *Id.*

In Kaucher, a corrections officer and his wife sued the County and several County employees for violation of their substantive due process rights. Plaintiffs contend they contracted Methicillin Resistant Staphylococcus Aureas ("MRSA") infections as a result of the defendants' conscience-shocking behavior in creating unsanitary and dangerous conditions at the jail.

Kaucher focused on the fourth element and applied a two step analysis; (1) whether a defendant exercised his or her authority to create a foreseeably dangerous situation, and (2) whether the affirmative act of the state was the "but for cause" of the

danger faced by the plaintiff. <u>Kaucher</u>, 2006 U.S. App.LEXIS at *37[8].   Applying this analysis, the Court ruled that the Kauchers had not alleged affirmative acts that were the "but for cause" of the MRSA risks they faced.  While framed as "actions affirmatively creating dangerous conditions and affirmatively misrepresenting dangers," the Court held that "<u>at base, both aspects of their claim allege failures to take actions sufficient to prevent the Kauchers' infections</u>." <u>Id</u>. at *40.

In a case with similar allegations involving student on student violence in the School District of Philadelphia, the Third Circuit affirmed summary judgment as to the defendants where the injury to the plaintiff was not foreseeable and the district did nothing to make plaintiff more vulnerable to harm.  <u>Mohammed v. School Dist. of Philadelphia</u>, 2006 U.S. App. LEXIS 13814 (3d Cir. 2006).  In <u>Mohammed</u>, a student was struck by a punch intended for another student and suffered injuries as a result.  It was undisputed that the school where this occurred had a history of violence.  <u>Id.</u>  In addition, the stairwell where the assault occurred was unsupervised at the time.  <u>Id.</u>  In affirming the district court's granting of summary judgment to the defendants, the Third Circuit determined that the failure to monitor the area or stop the pervasive violence in the school did not render the plaintiff "more vulnerable than he would have been in the absence of state intervention." <u>Id.</u>  It was reasoned that the school's failure to act placed the plaintiff in no worse of a position than he would have been in were the school not involved.  <u>Id.</u>

The instant case is clearly barred by the holding in <u>Kaucher</u>, <u>Bright</u> and <u>Muhammad</u>.  The alleged failure of the defendants to act did nothing to place plaintiff in a

---

[8]   Previously, <u>Morse</u> defined the level of causation that is necessary to sustain a "state-created danger" action.  There the court determined that leaving a school door unlocked contrary to school policy was too attenuated from the ultimate harm that a deranged woman would enter the building and murder a teacher.  <u>Morse</u>, 132 F.3d at 909.

more dangerous situation than she would have been in absent the District's presence. Consequently, the facts as alleged do not satisfy the requirements of the "state-created danger" test.

Assuming the facts as alleged to be true and drawing all logical inferences from those facts, plaintiff still fails to demonstrate an affirmative action on the part of the defendants that, in turn, caused the alleged harm. "[A]t base, [all] aspects of their claim allege failures to take actions sufficient to prevent [plaintiff's] harm." Kaucher, 2006 U.S. App.LEXIS at *37. Such a claim is not actionable. Id. at n. 11, citing Bright, 443 F.3d 283-84 (failure to hold revocation hearing for an individual in violation of his parole prior to his killing an eight-year old girl); Morse 132 F.3d at 907-08 (failure to prevent mentally disturbed individual from entering school and attacking teacher); Searles v. Se. Penn. Tranp. Auth. 990 F.2d 789, 794 (3d Cir. 1993) (failure to maintain railcars in a safe condition); D.R. by L.R. 972 F.2d at 1376 (failure of school officials to investigate and stop instances of sexual abuse of students); Brown v. Grabowski, 992 F.2d 1097 (3d Cir. 1990) (failure to file criminal charges against individual who repeatedly threatened and assaulted former girlfriend, despite reports to the police by the victim and her family).

Even a state officer's actual knowledge of danger to the victim does not create an affirmative duty to protect the victim from that harm. Rather, our Court of Appeals has concluded that *DeShaney* clearly holds that "no affirmative duty to protect arises from the State's knowledge of the individual's predicament." Bennett v. Philadelphia, 499 F.3d 281, 288 (3d Cir. 2007); see also Bright, 443 F.3d at 284.

See also Brown v. School District of Philadelphia, 2010 U.S. Dist. LEXIS 76717, decided July 28, 2010, a matter also involving an attack on a student inside a school, and in which the Court dismissed plaintiff's §1983 claims, stating:

14

> "Our Court of Appeals has rejected the idea that, simply by allowing violent private actors to persist in their illegal or immoral behavior, a municipal or state agency emboldens and encourages the violence in violation of an individual's Due Process rights. *Bright*, 443 F.3d at 283-85. The School District's failure or refusal to discipline, transfer or expel student violators is not a state created danger."

Id. at *24 - *25.

### 3.   Application of the Motion to Dismiss Standard to the State-Created Danger Claim

When the Iqbal motion to dismiss standard is applied to the state-created danger claim asserted herein, it is clear that the Second Amended Complaint must be dismissed with prejudice. Iqbal requires that the Court disregard those factual allegations which are nothing more than "legal conclusions" or "naked assertions." Here, when the Court disregards the phrase "As set forth in the report issued by the Department of Justice" inserted before the very same allegations that were dismissed by this Court on September 29, 2010, it is clear that only insufficient legal conclusions and naked assertions remain. The nub of the Second Amended Complaint is failure to protect plaintiff from an assault by third parties, which does not state an actionable state-created danger claim.

## V.   CONCLUSION

The Court has allowed plaintiff every reasonable opportunity to present a valid claim, even extending the time for filing the Second Amended Complaint well beyond the initial period of time provided in the Order of September 29, 2010. To date plaintiff has failed to state a valid claim under 42 U.S.C. §1983. For all of the above reasons, defendants respectfully move the Court to dismiss the Second Amended Complaint with prejudice.

Respectfully Submitted ,

s/Diane B. Sher
Diane B. Sher, Esquire
Assistant General Counsel
School District of Philadelphia
I.D. No. 28800
440 N. Broad Street, 3rd Floor
Philadelphia, PA 19130-4015

Date: November 23, 2010

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEY TIEU | : CIVIL ACTION NO. 2:10-cv-03688-JD |
| | : |
| v. | : SECOND AMENDED COMPLAINT |
| | : JURY TRIAL DEMANDED |
| SCHOOL DISTRICT OF PHILADELPHIA | : |
| | : |
| and | : |
| ARLENE ACKERMAN | : |
| | : |

### JURISDICTION

This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28

U.S.C. Section 1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff

further invokes the pendent and ancillary jurisdiction of this Court to hear and decide claims

arising under state law.

### VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which

this Complaint is based arose in Philadelphia, Pennsylvania which is within the jurisdiction of

the United States District Court for the Eastern District of Pennsylvania.

### PARTIES

1.     Plaintiff THEY TIEU is an Asian-American citizen and resident of the City of

Philadelphia, and the Commonwealth of Pennsylvania residing at 2220 South 15th Street,

Philadelphia, PA 19145.

2.     Defendant SCHOOL DISTRICT OF PHILADELPHIA ('SCHOOL DISTRICT")

is a political subdivision in the City of Philadelphia, Philadelphia County existing under the laws

of the Commonwealth of Pennsylvania with a business address of 440 N. Broad Street, Suite 313
Philadelphia, PA 19130.

    3.      Defendant, ARLENE ACKERMAN("ACKERMAN") is an individual who at all
times material hereto served as an employee of the Defendant SCHOOL DISTRICT and was the
Superintendent of Schools with a business address of 440 N. Broad Street, Suite 313
Philadelphia, PA 19130.

    4. At all times relevant herein, employees of the SCHOOL DISTRICT, including
ACKERMAN operated within the course and scope of their employment under the color of law
and pursuant to the customs, policies and practices of the Defendant, SCHOOL DISTRICT.

    5. For a long period of time prior to January 29, 2009, there was a recurrent problem of
Asian-American students being terrorized by African-American students at South Philadelphia
High School . The problems at South Philadelphia high school were so profound that the United
States Department of Justice undertook an investigation and demanded that the School District
undertake reforms to protect citizens of Asian-American descent.

    6. As set forth in the report issued by the Department of Justice, Defendant
ACKERMAN and the Defendant SCHOOL DISTRICT took no action to protect the Asian-
American students from the terroristic actions they were experiencing.

    7. As set forth in the report issued by the Department of Justice Defendant
ACKERMAN and the Defendant SCHOOL DISTRICT created a culture where Asian-Americans
were subjected to repeated, systematic terrorization at the hands of other students in complete
derogation of their civil rights and then blamed for the foreseeable violence they suffered.

    8. As set forth in the report issued by the Department of Justice, Defendant
ACKERMAN and the defendant SCHOOL DISTRICT failed to protect Asian-American citizens

based upon their race and ethnicity.

9.   As set forth in the report issued by the Department of Justice Defendant ACKERMAN and Defendant SCHOOL DISTRICT created an atmosphere of hostility in which Asian-American citizens were rendered helpless prey to their attackers, even going so far as to blame the victims for their attacks.   These actions on the part of the Defendants are of such culpability as to shock the conscience.

10.   As a direct, proximate result of the aforementioned actions of the defendants in creating the atmosphere where Asian-Americans were a victim class (and then blaming said victims for violence), on January 29, 2009, plaintiff was attacked and severely beaten by African-American students while present in South Philadelphia High School to pick up her child.

11.   All of plaintiff's injuries and damages were foreseeable, direct and would not have occurred but for the actions of the Defendants in denying Asian-American students and community members the protections afforded other citizens of different races.   The actions of the defendants rendered Asian-American citizens more likely to befall the exact harm suffered by the plaintiff as violence upon Asian-Americans was blamed upon them by Defendant ACKERMAN and the DISTRICT.

12.   As a result of said beating which occurred as a result of the state-created danger described above, plaintiff suffered injuries to the right eye, contusions, lacerations and recurrent headaches.

13.   As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to her great detriment and loss.

14. As a direct and proximate result of the aforementioned actions of Defendants, Plaintiff has suffered a severe loss of earnings and impairment of her earning capacity or power, which will continue for an indefinite period of time in the future, to her great detriment and loss.

15. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has and will thereafter incur other financial expenses and losses.

15. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has suffered agonizing aches, severe physical trauma and pains, contusions, bruises, numbness, disability, mental anguish, humiliation and emotional distress and she will continue to suffer the same for an indefinite time in the future, to her great detriment and loss.

## COUNT I
### 42 U.S.C. SECTION 1983 AND 1988

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth herein at length.

17. As aforementioned, Defendant SCHOOL DISTRICT and Defendant ACKERMAN acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant SCHOOL DISTRICT intentionally, recklessly and maliciously subjecting Plaintiff to unreasonable physical harm without due process of law and depriving him of the equal protection of the law and depriving her of the privileges and immunities afforded to citizens of the United States, all of which actions violated the Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the constitution of the United States, laws of the United States and in violation of 42 U.S.C. Section

1983.

18.     As aforementioned, Defendants acted in the course and scope of their

employment, under the color of state law, and pursuant to the customs, policies and practices of

the Defendant SCHOOL DISTRICT when they intentionally and maliciously subjected the

Plaintiff to severe peril and used their authority illegally and improperly all of which violated the

Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the

Constitution of the United States, the laws of the United States and in violation of 42 U.S.C.

Section 1983.

19.     The above described actions of Defendant SCHOOL DISTRICT and Defendant

ACKERMAN were so malicious, intentional and/or grossly negligent, displayed such a reckless

indifference to the Plaintiff's rights and well being that the imposition of punitive damages is

warranted.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff demands

compensatory and punitive damages against all named Defendants in an amount in excess of

$100,000.00.


                                        HARRY J. KANE, JR., ESQUIRE
                                        ATTY. I.D. NO. 52610
                                        Saffren & Weinberg
                                        815 Greenwood Avenue, Suite 22
                                        Jenkintown, PA 19046
                                        (215) 576-0100
DATED:   11-4-10                        Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that the attached Motion to Dismiss has been filed electronically on November 23, 2010 and is available for viewing and downloading from the ECF system and that the below counsel is being served by first-class mail.

Harry J. Kane, Esquire
Saffren & Weinberg
815 Greenwood Avenue, Suite 22
Jenkintown, PA  19046

s/Diane B. Sher
Attorney for Defendant
School District of Philadelphia