**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| THEY TIEU, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-3688 |
| | : | |
| SCHOOL DISTRICT OF | : | |
| PHILADELPHIA and ARLENE | : | |
| ACKERMAN, | : | |
| | : | |
| Defendants. | | |

---

DuBOIS, J.                                                            December 21, 2010

**M E M O R A N D U M**

## I.     INTRODUCTION

This case centers on the recent violence against Asian Americans at South Philadelphia High School.  Plaintiff They Tieu ("Tieu") alleges she was attacked by students in January 2009 when she came to the school to pick up her child.  She asserts claims under 42 U.S.C. § 1983 against defendants School District of Philadelphia ("the District") and Superintendent Arlene Ackerman ("Ackerman").  Presently before the Court is the Motion of Defendants to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, defendants' motion to dismiss is granted, and plaintiff's Second Amended Complaint is dismissed with prejudice.

## II.     BACKGROUND

Tieu alleges that "for a long period of time" before January 2009, African-American

-1-

students at South Philadelphia High School "terrorized" Asian-American students at the school. (Second Am. Compl. ¶ 5.)  Despite this, Ackerman and the District did nothing to protect Asian-American students.  (Id. ¶ 6.)  Instead, the defendants "fostered a culture" and "created an atmosphere" that rendered Asian Americans "helpless prey."  (Id. ¶¶ 7, 9.)  The complaint further alleges that the defendants chose not to protect Asian Americans "based upon their race or ethnicity."  (Id. ¶ 8.)

On January 29, 2009, Tieu, who is Asian American, was attacked by a group of African-American students while she was at the school picking up her child.  (Id. ¶ 10.)  She sustained various physical injuries and other damages.  (Id. ¶¶ 11-15.)  Tieu alleges that defendants' actions violated her due process and equal protection rights, in contravention of 42 U.S.C. § 1983.  (Id. ¶ 17.)

By Order of September 29, 2010, the Court dismissed without prejudice the claims in Tieu's First Amended Complaint that arose under § 1983 to allow her to incorporate into her complaint the findings of the U.S. Department of Justice's investigation into the racial violence at South Philadelphia High School.[1]  The Second Amended Complaint is based solely on § 1983 and restates the same claims present in the First Amended Complaint with the phrase "[a]s set forth in the report issued by the Department of Justice" inserted before several of the allegations. (Id. ¶¶ 6-9.)  The report is not attached to the Second Amended Complaint, and the Court has no idea as to its contents.

The defendants filed the pending motion to dismiss on November 23, 2010, and Tieu responded on December 16, 2010.

_____

[1] The Order also dismissed with prejudice Tieu's claims arising under contract.

## III.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion.  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that a defendant's liability is more than "a sheer possibility."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal.  Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions."  Twombly, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950.  The court then assesses "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief.  Id.

IV.    **PLAINTIFF'S CLAIMS UNDER § 1983**

42 U.S.C. § 1983 provides, in part, that

> [e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of a State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

This statute does not create substantive rights; rather, it provides a remedy for violations of rights established elsewhere.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law caused a deprivation of a right secured by the Constitution or laws of the United States.  Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

Municipalities are "persons" who may be liable under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  To state a § 1983 claim against a municipality, a plaintiff must allege (1) a constitutional injury (2) that was caused when the municipality took action pursuant to a custom or policy.  Id. at 694; see also Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992).

Tieu asserts violations of both her due process and equal protection rights.[2]  Under either theory, however, Tieu's allegations fail to state a claim under § 1983.

A.    Due Process

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State . . .  shall deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend.

---

[2] The parties addressed only the due process claim in their briefs.

-4-

XIV § 2.  This clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.  It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."  DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989).

There are two exceptions to DeShaney that allow the imposition of § 1983 liability for a state actor's failure to protect.  First, a state actor may be liable under the "state-created danger exception" when he "acts in a way that makes a person substantially more vulnerable to injury from another source than he or she would have been in the absence of state intervention." Schieber v. City of Philadelphia, 320 F.3d 409, 416 (3d Cir. 2003).  Second, liability can attach when the state takes control of an individual and enters into a so-called "special relationship." See, e.g., Youngberg v. Romeo, 457 U.S. 307 (1982) (state has duty to ensure safety of involuntarily-committed mental patients); Estelle v. Gamble, 429 U.S. 97 (1976) (state has duty to provide medical care to inmates).

The "special relationship" exception has no application to this case.  The Third Circuit has held that the "special relationship" exception does not apply to the relationship between a student and a school.  D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1373 (3d Cir. 1992) (en banc).  Unlike their children, parents are not legally required to be inside the school building and thus have an even weaker claim that the state has taken control of them. Therefore, Tieu cannot rely on the "special relationship" exception to state a due process claim.

The state-created danger exception requires more discussion.  A successful state-created

danger claim must establish four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006).  The fourth element requires "affirmative acts which work to plaintiffs' detriments in terms of exposure to danger."  D.R., 972 F.2d at 1374 (emphasis added).  "It is the misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."  Bright, 443 F.3d at 282.  Under Third Circuit precedent, this misuse of authority must amount to "physical intervention in which the state, through its action, imposes limits on a person's freedom of action that make the person more vulnerable to danger."  Perez v. City of Philadelphia, 701 F. Supp. 2d 658, 668 (E.D. Pa. 2010).

Applying Bright, Tieu fails to state a state-created danger claim.  Her allegation that the District and Ackerman "took no action" to stem the violence at South Philadelphia High, establishes only a lack of use, rather than an affirmative misuse, of state authority.  Her assertions that the defendants "fostered a culture" and "created an atmosphere" detrimental to Asian-American students are a vain attempt to make defendants' actions sound affirmative.  Recharacterizing inaction as action, however, does not state a viable claim under § 1983.  See, e.g., D.R., 972 F. 2d at 1373-76 (rejecting state-created danger claim where complaint alleged school had "created a climate which facilitated sexual and physical abuse of students"); Brown v. Sch. Dist. of Phila., No. 08-CV-2787, 2010 WL 2991741, at *8 (E.D. Pa. July 28, 2010)

(allegation that district, <u>inter alia</u>, refused to properly discipline, expel or transfer students who later sexually assaulted another student amounted to inaction, rather than action, and could not support a state-created danger claim).

Because Tieu has failed to allege any affirmative act by a state actor that limited her freedom and made her more vulnerable to danger, she has failed to state a due process claim upon which relief can be granted under § 1983.

      B.    <u>Equal Protection</u>

While the State generally has no duty to protect citizens from harm caused by third parties, it "may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." <u>DeShaney</u>, 489 U.S. at 197 n.3. Tieu alleges that the defendants "failed to protect Asian-American citizens based upon their race and ethnicity." (Second Am. Compl. ¶ 8.) However, she provides no supporting factual averments from which the Court could plausibly infer that defendants' inaction was motivated by racial animus. The mere "naked assertion," <u>Twombly</u>, 550 U.S. at 555, 557, that a party has been targeted because of his or her race is not sufficient to state an equal protection violation. <u>Iqbal</u>, 129 S.Ct at 1951; <u>see also</u> <u>Atherton v. D.C. Office of the Mayor</u>, 567 F.3d 672, 688 (D.C. Cir. 2009) (holding assertion that grand juror was removed because of race insufficient to state a claim where plaintiff's main supporting factual allegations were that he was "half Mexican" and that he was the only Spanish-speaking grand juror).

Thus, Tieu has failed to state a claim under § 1983 for violation of her equal protection rights.

**V.      DISMISSAL WITH OR WITHOUT PREJUDICE?**

Having concluded that Tieu has failed to state a claim upon which relief can be granted, the Court must next determine whether to dismiss the complaint with or without prejudice.  A court should allow the amendment of a complaint except where it would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, Tieu has already been given leave to amend with guidance as to what is required to state a claim under § 1983.  Her inability to do so demonstrates that it would be futile to dismiss the Second Amended Complaint without prejudice to plaintiff's right to file another complaint.  Thus, the Second Amended Complaint is dismissed with prejudice.

**VI.      CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is granted, and plaintiff's Second Amended Complaint is dismissed with prejudice.  An appropriate order follows.